IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

DAVID R. PETE,
    Plaintiff-Appellant,
v.
WALMART STORES TEXAS, LLC,
    Defendant-Respondent.

Case No. 1:25CV00104

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR 2 8 2025

BY
DEPUTY_____

APPELLANT'S MEMORANDUM OF APPEAL

April 24, 2025

Plaintiff-Appellant David R. Pete ("Appellant") hereby appeals the Final Judgment Order entered by the Honorable Michael J. Truncale of the United States District Court for the [Appropriate District] on [insert date of final order]. The order (1) conducted a de novo review of Appellant's objections but improperly denied Appellant's leave to amend his Complaint, (2) granted Defendant Walmart Stores Texas, LLC's motion to dismiss under Rule 12(b)(6) after improperly considering evidence outside the pleadings, and (3) misapplied Rule 15 by wrongfully denying leave to amend Appellant's Complaint. For the reasons set forth below, Appellant respectfully requests that this Court reverse the District Court's rulings as to the denial of leave to amend and remand this matter for further proceedings consistent with law.

I.
DE NOVO REVIEW AND DENIAL OF LEAVE TO AMEND

A proper de novo review requires this Court to independently assess all pertinent issues without deference to the District Court's findings. In the present case, the District Court denied Appellant's leave to amend his Complaint without affording a full and independent consideration of whether any amendment could cure the alleged deficiencies. As established in *Baron v. Sherman (In Re Ondova Ltd. Co.)* (https://www.cetient.com/research/fa5d10a7-4824-48cf-b806-a77189355956/case/baron-v-sherman-in-re-ondova-ltd-co-4587291), when a denial for leave to amend is based solely on allegations of futility, the review standard is de novo and identical to that applied in reviewing a dismissal under Rule 12(b)(6). Moreover, in *Hanlon v. Hartford Life & Accident Insurance* (https://www.cetient.com/research/fa5d10a7-4824-48cf-b806-a77189355956/case/hanlon-v-hartford-life-accident-insurance-8448778), the Court held that dismissal without leave to amend is proper only if it is clear upon de novo review that the complaint could not be saved by any amendment. Here, the District Court's flat denial of leave to amend, absent such a rigorous analysis, constitutes reversible error.

II.
IMPROPER CONSIDERATION OF EVIDENCE OUTSIDE THE PLEADINGS IN THE RULE 12(b)(6) MOTION

Federal Rule of Civil Procedure 12(b)(6) requires that a court's inquiry be confined strictly to the allegations contained in the Complaint, documents annexed thereto, judicially noticed facts, and other matters appropriately before the court. Despite this clear mandate, the District Court improperly relied upon evidence outside of the pleadings when evaluating Defendant's Rule 12(b)(6) motion. As explained in *Oxman v. Downs* (https://www.cetient.com/research/fa5d10a7-4824-48cf-b806-a77189355956/case/oxman-v-downs-8731738), the court must either exclude extraneous materials and decide the motion solely on the complaint or convert the motion into one for summary judgment under Rule 56, thereby affording the Plaintiff an opportunity to present supportive evidence. Similarly, *Van*

1

*Praagh v. Gratton* (https://www.cetient.com/research/fa5d10a7-4824-48cf-b806-a77189355956/case/van-praagh-v-gratton-8730936) reinforces the principle that evidence outside the complaint generally cannot form the basis for dismissal under Rule 12(b)(6). The District Court's error in this regard prejudiced Appellant's ability to fully litigate his claims.

### III.
### IMPROPER DENIAL OF LEAVE TO AMEND UNDER RULE 15

Federal Rule of Civil Procedure 15 mandates a liberal interpretation in granting leave to amend. The prevailing precedent, as articulated in *WALSH v. IDEAL HOMECARE AGENCY, LLC* (https://www.cetient.com/research/fa5d10a7-4824-48cf-b806-a77189355956/case/walsh-v-ideal-homecare-agency-llc-9950362), establishes that leave to amend must be freely given when justice so requires, absent undue delay, bad faith, dilatory motives, or undue prejudice to the opposing party. In *Brady v. Occidental Fire & Casualty Company of North Carolina* (https://www.cetient.com/research/fa5d10a7-4824-48cf-b806-a77189355956/case/brady-v-occidental-fire-casualty-company-of-north-carolina-9723978), the Court further clarifies the factors that must be balanced, including repeated failure to cure deficiencies and amendment futility. Moreover, *Foster v. DeLuca* (https://www.cetient.com/research/fa5d10a7-4824-48cf-b806-a77189355956/case/foster-v-deluca-1195944) directly addresses the improper denial of leave to amend following a Rule 12(b)(6) dismissal, emphasizing that, barring clear findings justifying a denial, leave to amend should be granted. The District Court's flat denial of leave to amend in this case, without appropriately weighing these factors, constitutes an erroneous application of Rule 15.

### IV.
### CONCLUSION AND RELIEF REQUEST

For the foregoing reasons, Appellant respectfully requests that this Court:

- Reverse the District Court's denial of leave to amend, in light of the defective de novo review process and the failure to thoroughly consider whether an amendment could cure the alleged deficiencies;

- Reverse the dismissal based on the improper consideration of evidence outside the pleadings in a Rule 12(b)(6) motion; and

- Remand this case for further proceedings consistent with the proper application of Federal Rules 12(b)(6) and 15.

Appellant further requests relief in the sum total of Ten Billion Dollars ($10,000,000,000) in damages, along with any other relief that is allowed by law.

Respectfully submitted,

[Attorney Name] Pro Se / DAviD R Pete
[Attorney's Law Firm]
[Address] 6355 C H. NN LANE #2105
[Phone Number] 409 998-0229
[Email Address] DPete DAviDpete@yahoo.com

Attorney for Appellant,
David R. Pete  *David R Pete*

[End of Document]

13 at 12]. For the reasons above, the Court is going to adopt these recommendations, as well as the recommendation to dismiss Pete's claim of harassment, to the extent he brings such a claim, because § 42.07 of the Texas Penal Code does not supply Pete with a cause of action. As such, there is no reason to inflict needless delay and futility on Pete, Walmart, and the Court by granting Pete leave to amend his complaint. *See Vela v. Compton*, No. 24-40302, 2024 WL 4891786, at *4 (5th Cir. Nov. 26, 2024) (holding that the district court did not abuse its discretion in denying a plaintiff leave to amend his complaint where doing so would have been futile due to lawsuit being time-barred); *Whitaker v. McDonald*, No. 20-40569, 2022 WL 68972, at *2 (5th Cir. Jan. 6, 2022) (same); *Newby v. Enron Corp.*, 542 F.3d 463, 469 (5th Cir. 2008) ("[A] court need not grant leave to amend when the filing would be futile because the proposed claims are time-barred."); *Rojas v. Pegasus Foods Inc -Astrochef Inc.*, No. 3:22-CV-01276-N-BH, 2023 WL 5437176, at *8 (N.D. Tex. July 20, 2023) (leave to amend time-barred defamation claim denied as futile). Pete's objection [Dkt. 15 at 2, 4] is overruled.

### III. Order

The Court has conducted a *de novo* review of Plaintiff David. R. Pete's objections consistent with the pleadings, briefing, and applicable law. *See* FED. R. CIV. P. 72(b). For the foregoing reasons, Plaintiff David. R. Pete's objections [Dkt. 15] are OVERRULED. Accordingly, the Report and Recommendation of the United States Magistrate Judge [Dkt. 13] is ADOPTED.

Defendant Walmart Stores Texas, LLC's Motion to Dismiss Plaintiff's Cause of Action Under Rule 12(b)(6) [Dkt. 2] is GRANTED. Plaintiff David R. Pete's defamation claim brought pursuant to 28 U.S.C. § 4101 and state law harassment claim asserted under § 42.07 of the Texas Penal Code are DISMISSED WITHOUT PREJUDICE. Plaintiff David R. Pete's state law

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID R. PETE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-CV-00104-MJT |
| | § | |
| WALMART STORES TEXAS, LLC, | § | |
| | § | |
| *Defendant.* | § | |

## FINAL JUDGMENT

Pursuant to the Order Overruling Plaintiff's Objections and Adopting the Report and Recommendation of the United States Magistrate Judge on this same date, it is ORDERED that a judgment is entered in favor of Defendant Walmart Stores Texas, LLC. This order is a full and final judgment as to all claims and parties in the instant action. All pending motions filed herein are DENIED AS MOOT and relief not specifically granted herein is DENIED. The Clerk is directed to close this case.

IT IS SO ORDERED.

SIGNED this 9th day of April, 2025.

*Michael J. Truncale*
Michael J. Truncale
United States District Judge

Case: 25-40246   Document: 1   Page: 5   Date Filed: 05/01/2025

DAVID R. PETE
6355 CHINN LANE #2105
BEAUMONT, TEXAS 77708

CLERK, U.S. DISTRICT COURT
RECEIVED
APR 28 2025
EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS

Clerk
UNITED STATES DISTRICT COURT
300 Willow Street, Suite 104
BEAUMONT, TEXAS 77701-2217